UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AARON SHAW         BOP #42149-074 | : | CIVIL ACTION  2:14-cv-646 SECTION P |
| VERSUS | : | JUDGE MINALDI |
| C. MAIORANA | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Aaron Shaw. Shaw is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"), and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

*I.*
*Background*

*A. Conviction and Appeal*

Shaw pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base and was sentenced on July 13, 2009, to 188 months incarceration. *United States v. Shaw*, 4:08-cr-00025 (E.D. Tenn., Winchester Div., 2008). On or about May 30, 2013, Shaw filed a motion to reduce sentence which was denied on July 22, 2014. *Id*. He then filed a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which was denied on February 5, 2014.

### B. Claims

As best as the undersigned is able to discern, Shaw claims that the United States Constitution is a "trust" and that he is the beneficiary of the trust. Doc. 1, p. 5. He states that the trust consists of "all land, your personal possession that you believe you own and your physical body." Doc. 1, p. 4. He further claims that the government's authority is limited to "[f]ourteenth Amendment Citizens and individuals who have volunteedly [sic] to make themselves subject to the jurisdiction of the federal United States, for the purpose of Congress and the IRS Code." *Id.* Finally, Shaw contends that all crimes are commercial and that "all Commerce is deemed International, Which is maritime in nature, all maritime are handled in a court of equity (not law)." Doc. 1, p. 5.

As relief for the above, he seeks discharge of his criminal case and $35,000,000.00 "for redemption." *Id.*

## II.
### Law and Analysis

Shaw styles this action as an application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. *Habeas* petitions filed under 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Here, Shaw attacks the legality of his incarceration based upon the arguments listed above. Because he is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren*, 230 F.3d at 694.

Shaw may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Shaw bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Shaw has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time. Further, the fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830. In addition, that fact that the time limits may have passed for petitioner to file a motion to vacate under § 2255 does not render the § 2255 remedy inadequate or ineffective. *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Accordingly, the instant application for a writ of *habeas corpus* must be dismissed for lack of jurisdiction.

### III.
### *Conclusion*

For the foregoing reasons,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE